IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 4:20-cv-1395 |
| THE HARLAN COMPANY, | ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 (Title VII), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on pregnancy and to provide appropriate relief to Hollie Beck who was adversely affected by such practices.  The Equal Employment Opportunity Commission ("Commission") alleges that Defendant, The Harlan Company ("Defendant"), refused to hire Ms. Beck in violation of Title VII because she was pregnant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-

5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed by Defendant within the jurisdiction of the United States District Court for the Eastern District of Missouri.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Missouri corporation doing business in the State of Missouri and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

6. More than thirty days prior to the institution of this lawsuit, Hollie Beck filed a charge of discrimination with the Commission alleging sex (pregnancy) discrimination in violation of Title VII by Defendant.

7.   On August 10, 2020, the Commission issued to Defendant a Letter of
     Determination finding reasonable cause to believe that Defendant violated Title
     VII.

8.   The Letter of Determination invited Defendant to join with the Commission in
     informal methods of conciliation to endeavor to eliminate the discriminatory
     practices and provide appropriate relief.

9.   The Commission engaged in communications with Defendant to provide
     Defendant the opportunity to remedy the discriminatory practices described in the
     Letter of Determination.

10.  The Commission was unable to secure from Defendant a conciliation agreement
     acceptable to the Commission.

11.  On September 3, 2020, the Commission issued to Defendant a Notice of Failure of
     Conciliation.

12.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13.  Defendant is a construction company which has its headquarters in Maryland
     Heights, Missouri.

14.  Hollie Beck is a female resident of the State of Missouri.

15.  During May 2019, Ms. Beck applied for a receptionist position at Defendant through
     a staffing agency, Westport One Recruiting.   Ms. Beck was qualified for the
     position.

16.  At the time she applied for a job with Defendant, Ms. Beck was pregnant.

17.    On May 31, 2019, Defendant interviewed Ms. Beck in person for the receptionist position.

18.    On or about June 3, 2019, Defendant offered Ms. Beck the receptionist job. Ms. Beck resigned from her job at a Subway restaurant and accepted the job with Defendant.

19.    On June 4, 2019, Defendant confirmed Ms. Beck's start date.

20.    On or about June 5, 2019, the recruiter at Westport One told Defendant that Ms. Beck was pregnant.

21.    The following day, Defendant revoked Ms. Beck's job offer because she was pregnant. Defendant's office manager expressed concern that Ms. Beck would miss work due to her pregnancy and would have to be retrained.

22.    Defendant hired an individual who was not pregnant for the receptionist position.

23.    Defendant refused to hire Ms. Beck because she was pregnant.

## STATEMENT OF CLAIM

## (Title VII– Pregnancy - Failure to Hire)

24.    Paragraphs 1 through 23 are realleged and incorporated by reference as though fully set forth herein.

25.    Defendant engaged in unlawful employment practices in violation of Sections 701(k) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1), by refusing to hire Ms. Beck because of her pregnancy.

26.    The effect of the practices complained of herein has been to deprive Ms. Beck of equal employment opportunities because of her pregnancy.

27.     Defendant's unlawful employment practices complained of herein were intentional.

28.     Defendant's unlawful employment practices complained of herein were done with malice and/or reckless indifference to Ms. Beck's federally protected rights.

29.     As a direct and proximate result of Defendant's violation of Title VII, Ms. Beck suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Issue a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in unlawful employment practices which discriminate on the basis of pregnancy in violation of 42 U.S.C. § 2000e-2(a)(1);

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant individuals and which eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant to make Ms. Beck whole by providing appropriate back pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.      Order Defendant to make Ms. Beck whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial;

E.      Order Defendant to make Ms. Beck whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including embarrassment, dignitary harm, inconvenience, hardship, emotional pain and suffering, anxiety, stress, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.      Order Defendant to hire Ms. Beck as a receptionist or compensate her in appropriate amounts as front pay;

G.      Order Defendant to pay Ms. Beck punitive damages for its malicious or recklessly indifferent conduct described above, in amounts to be determined at trial;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all claims set forth herein.

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney

/s/Jennifer L. Arendes
JENNIFER L. ARENDES, MO 46638
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7916 (telephone)
(314) 539-7895 (fax)
andrea.baran@eeoc.gov
felix.miller@eeoc.gov
jennifer.arendes@eeoc.gov