# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EQUAL EMPLOYMENT )<br>OPPORTUNITY COMMISSION, )<br>  )<br>   Plaintiff, )<br>v.   ) <br>  )<br>THE HARLAN COMPANY, )<br>  )<br>   Defendant. ) | Civil Action No. 4:20-CV-1395-AGF |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this action alleging that Defendant The Harlan Company ("Harlan") discriminated against Hollie Beck ("Beck") in violation of Title VII of the Civil Rights Act of 1964, as amended, by rescinding its offer of employment because she was pregnant. The parties have advised the Court that they wish to resolve this suit without the expense, delay, and burden of further litigation.

It is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties and the subject matter of this action, (ii) the requirements of Title VII will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in

controversy in this lawsuit, and (iv) the terms of this Decree constitute a fair, reasonable, and equitable settlement and are not contrary to law.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

## INJUNCTIVE RELIEF

1.     Harlan and its owners, members, officers, directors, agents, employees, successors, and assigns, and all persons in active concert or participation with them, are permanently enjoined from refusing to hire or terminating any job applicant or employee because she is pregnant.

## CHARGING PARTY RELIEF

2.     Judgment is entered in favor of the EEOC and against Harlan in the total amount of $38,000.00.

3.     Within fifteen (15) days of entry of this Consent Decree, Harlan shall pay the gross sum of $38,000.00 to Hollie Beck by check sent via certified mail return receipt requested to an address provided by the EEOC, with $10,000.00 designated as back pay and $28,000.00 designated as compensatory damages, and with an itemized statement setting forth each amount paid and any deductions made.

4.     Harlan shall deduct only the employee's share of FUTA, FICA, and applicable federal, state, and local tax withholdings from the amount

designated as back pay and shall make no deductions from the amount designated as compensatory damages.

5. Within five (5) business days of making the payment required by paragraph 3 above, Harlan will furnish a copy of each check, itemized statement, and any accompanying correspondence to the EEOC at EEOC-SLDO-Decree-monitoring@eeoc.gov.

6. No later than January 31, 2021, Harlan will issue to Beck an IRS Form W-2 for the amount designated as back pay and an IRS Form 1099 for the amount designated as compensatory damages.

7. In the event of non-payment, it is acknowledged that the monetary relief provided for herein is a debt owed to and collectible by the United States or its proxy, notwithstanding that Beck is the ultimate beneficiary of this relief.

8. The receipt of monetary relief by Beck shall not be conditioned on her agreement to: (a) maintain as confidential the terms of this Decree or the facts and/or allegations of this case; (b) waive her statutory right to file a charge or complaint with any governmental agency; (c) refrain from applying for employment with Harlan; (d) agree to a non-disparagement agreement; (e) execute a general release of all claims; or (f) any other terms or conditions not explicitly stated in this Consent Decree.

9. Within ten (10) days of entry of this Consent Decree, Harlan shall mail to Beck at an address provided by the EEOC a letter of apology on the company's letterhead in the form attached as Exhibit 1.

## EQUITABLE RELIEF

10. Within fifteen (15) days of entry of this Consent Decree, Harlan will revise its website, Facebook page, and all job postings and advertisements for employment to state that it does not discriminate on the basis of pregnancy.

11. Within fifteen (15) days of entry of this Consent Decree, Harlan will revise its Employment Application to include the following: "The Harlan Company does not discriminate on the basis of race, sex, pregnancy, age (over 40), color, religion, national origin, or disability."

12. Within thirty (30) days of entry of this Consent Decree, Harlan shall designate a management employee to coordinate Harlan's compliance with Title VII and ensure the company's compliance with this Decree, including ensuring that Harlan does not discriminate against applicants or employees because of pregnancy.

14. Within sixty (60) days of entry of this Consent Decree, Harlan shall adopt a written non-discrimination policy which includes, at a minimum:

      a.    A clear statement that discriminatory treatment toward pregnant applicants and employees will not be tolerated and will be grounds for discipline, up to and including termination;

      b.    A clear statement that Harlan is an equal-opportunity employer and encourages applications for employment from pregnant individuals;

      c.    A clearly-communicated process by which applicants and employees may report suspected pregnancy discrimination;

      d.    Prompt and thorough investigation of any report of suspected pregnancy discrimination in hiring or employment;

      e.    Distribution of Harlan's newly adopted EEO policies and procedures to all employees within fifteen (15) days of their adoption and annually thereafter; and

      f.    Distribution of Harlan's newly adopted EEO policies and procedures to all newly-hired employees within five (5) days of hire.

15.    Within five (5) days of the adoption of the EEO policies and procedures described in paragraph 14 above, Harlan shall provide a copy to the EEOC.

16.    Within sixty (60) days of entry of this Consent Decree, and annually during the term of this Decree, Harlan shall require all managers,

supervisors and individuals who participate in the hiring process to attend two hours of live, in-person training ("in-person" includes training provided via video-conference) about the prevention of employment discrimination under Title VII, including pregnancy discrimination.

17. Harlan shall require all employees attending the training sessions described in paragraph 16 above to sign a roster certifying their attendance at the training, including each attendee's printed name, job title, and the date of the training. If training is conducted via video-conference, a certificate of completion naming attendees will be acceptable.

18. Within thirty (30) days after each training required in this Consent Decree, Harlan will submit a copy of the signed attendance roster or certificate of completion to EEOC.

19. At least thirty (30) days prior to the training sessions described in paragraph 16 above, Harlan shall provide to the EEOC the name and curriculum vitae, biography, or resume of the person(s) providing the training, and copies of all materials and presentations to be used and/or distributed as part of the training sessions. Should the EEOC believe the presenter is unqualified or the materials provided do not meet the requirements of this Consent Decree, the EEOC will contact Harlan or its

6

authorized representative to attempt to resolve the issue prior to seeking court enforcement of this Decree.

## NOTICE POSTING

20. Within fifteen (15) days of entry of this Consent Decree, Harlan shall post the notice attached as Exhibit 2 in a location readily accessible to employees and job applicants where other employee notices are posted and on the company's website.

## REPORTING AND MONITORING

21. For the duration of this Consent Decree, Harlan shall maintain such records as necessary to demonstrate its compliance with the provisions of this Decree and to verify the reports submitted. These records, and any other information relevant to the provisions of this Decree, will be submitted to the EEOC upon request.

22. Harlan shall send all reports required by this Decree to the EEOC by email at EEOC-SLDO-Decree-monitoring@eeoc.gov.

23. Within one hundred eighty (180) days of entry of this Decree and every six (6) months thereafter for the term of this Decree, Harlan shall send the EEOC a list of all applicants known to be pregnant who were not hired and pregnant employees who were discharged or placed on involuntary leave

during the preceding six months, and all documents reflecting the failure to hire, discharge, and/or involuntary leave. For each individual listed, Harlan shall state the person's name; last four digits of social security number; job title; job location; all reasons for the failure to hire, discharge, or involuntary leave; the name(s) of all supervisors, managers, or other employees involved in the failure to hire, discharge, or involuntary leave; and the date of the adverse action.

24. Within one hundred eighty (180) days of entry of this Decree and every six months thereafter, Harlan shall send the EEOC a list of all applicants and employees who have complained of pregnancy discrimination in the previous six months and provide all documents reflecting each complaint and Harlan's response and/or investigation. For each employee listed, Harlan shall state the person's name; last four digits of social security number; job title; job location; description and date of the employee's complaint; a description of Harlan's response to the complaint and any actions taken; and the name(s) of all supervisors, managers, or other employees involved in the complaint.

## MISCELLANEOUS PROVISIONS

25. By entering into this Consent Decree, the parties intend to resolve only the charge of discrimination that created the procedural

foundation for this suit. No other pending or future charges, if any, are affected by this Consent Decree.

26. The terms of this Consent Decree are binding on Harlan's present and future directors, officers, managers, agents, successors and assigns. Harlan and any successor(s) shall provide a copy of this Consent Decree to any person or organization who proposes to acquire or merge with it or any proposed successor, prior to any such acquisition, merger, or succession.

27. This Consent Decree shall be in effect for a period of three (3) years from the date it is entered by the Court. During the Consent Decree's term, the Court shall retain jurisdiction of this case for purposes of enforcing the terms of this Decree.

28. At any time during the term of this Decree, the EEOC may petition this Court to enforce any term of this Consent Decree. Should the Court determine that Harlan has not complied with any term of this Consent Decree, the Court shall grant appropriate relief.

29. Each party shall bear its own costs and attorneys' fees.

**IT IS SO ORDERED.**

DATE: December 7, 2020      _____
                                                  HONORABLE AUDREY G. FLEISSIG

EXHIBIT A

| PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | DEFENDANT THE HARLAN COMPANY |
|---|---|
| */s/ Andrea G. Baran*<br>ANDREA G. BARAN, MO Bar 46520<br>Regional Attorney<br>C. FELIX MILLER, MO Bar 28309<br>Supervisory Trial Attorney<br>JENNIFER ARENDES, MO Bar 46638<br>Senior Trial Attorney<br>Equal Employment Opportunity Commission<br>St. Louis District Office<br>1222 Spruce Street, Room 8.100<br>St. Louis, MO 63103<br>(314) 539-7916 (telephone)<br>(314) 539-7895 (facsimile)<br>andrea.baran@eeoc.gov<br>felix.miller@eeoc.gov<br>jennifer.arendes@eeoc.gov | _____<br>JOHN HARLAN, President<br><br>*/s/ Cindy Ormsby*<br>CINDY ORMSBY, MO Bar 50986<br>Curtis, Heinz, Garrett & O'Keefe, P.C.<br>130 S. Bemiston, Ste. 200<br>St. Louis, MO 63105<br>(314) 725-8788 (telephone)<br>(314) 725-8789 (facsimile)<br>cormsby@chgolaw.com |

EXHIBIT A

**EXHIBIT 1**

**[The Harlan Co. Letterhead]**

**[Date]**

Ms. Hollie Beck
[ADDRESS]

Dear Ms. Beck:

    I am writing to thank you for applying for a position with The Harlan Company during 2019.  We are truly sorry for treating you unfairly. We were very impressed with you during your interviews and would like you to consider working as a receptionist with our Company.

                              Sincerely,

                              John Harlan

**EXHIBIT 2**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
St. Louis District Office

# NOTICE TO JOB APPLICANTS AND EMPLOYEES

This notice is posted as part of the relief required by the Consent Decree entered in *EEOC v. The Harlan Company*, Civil Action No. 4:20-cv1395-AGF.

**It is illegal for any employer, including a supervisor, manager, or coworker, to deny you equal employment opportunity because you are pregnant.**

**It is also illegal to refuse to hire someone because she is pregnant.**

The Harlan Company supports and will comply with federal anti-discrimination laws in all respects and will not take any negative employment action against employees or job applicants because they are pregnant.

IF YOU EXPERIENCE OR OBSERVE POSSIBLE DISCRIMINATION, CONTACT:

Jennifer Arendes, Attorney
Equal Employment Opportunity Commission
Call or Text: 314-250-3607     Email: jennifer.arendes@eeoc.gov

_____                              _____
**Date**                                                                **John Harlan, President**
                                                                               **The Harlan Company**